NO. 07-10-00380-CR; 07-10-00381-CR; 07-10-00382-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
8, 2010

 



 

DAVID MATTHEW LAYTON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 34,435-C, 34,436-C, 34,437-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, David Matthew Layton,
seeks to appeal orders in each of the above-identified causes denying his
requests for post-conviction DNA testing and appointment of counsel.  See Tex.
Code Crim. Proc. Ann. arts.
64.01, .03, .05 (Vernon Supp. 2010).  The orders denying appellant’s requests were
signed on July 12, 2010.  The deadline
for perfecting the present appeals was, therefore, August 11, 2010.  See Tex.
R. App. P. 26.2(a)(1).[1]  Appellant filed his notices of appeal on
September 27, 2010.  Under these
circumstances, we lack jurisdiction to dispose of the purported appeals in any
manner other than by dismissing them for want of jurisdiction.  In re Suhre, No. 03-03-00066-CR, 2003 Tex.App.
LEXIS 1343, at *1 (Tex.App.—Austin
Feb. 13, 2003, pet. ref’d).

            Consequently,
the appeals are dismissed for want of jurisdiction.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

Do
not publish.

            











[1] We are aware, as
appellant notes in his notice of appeal, that appellant filed a petition for
writ of mandamus with this Court relating to the trial court’s rulings in these
orders on August 9, 2010.  However, the filing
of a petition for writ of mandamus within the time in which a direct appeal may
be perfected does not extend the time in which the direct appeal must be
perfected.  See id. at 26.2(b).